**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES EX REL. MARK DEFATTA,<br><br>                Plaintiff,<br><br>and<br><br>MARK DEFATTA, Qui Tam,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC., Delaware; et al.,<br><br>                Defendants-Appellees. | No. 16-56015<br><br>D.C. No.<br>2:08-cv-07284-GW-CT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,** District
Judge.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Appellant Relator Mark DeFatta, a UPS employee, brought claims on behalf of the government alleging that Defendants, all United Parcel Service, Inc. ("UPS") entities, committed fraud on the government as part of their "Air-in-Ground" practice, whereby UPS ships some Next Day Air or Second Day Air (together, "Air") packages using only surface transportation methods. Relator alleged (1) that Defendants fraudulently induced shipping contracts between UPS and the government by making false representations in its responses to the government's request for proposal ("RFP"); (2) that Defendants submitted facially false invoices which fraudulently overcharged the government for Air shipments that actually traveled via surface transportation; and (3) that Defendants submitted claims which falsely implied certification of compliance with Air Mobility Command Freight Traffic Rules Publication No. 5 ("AFTRP No. 5"), all in violation of the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq*. The district court granted Defendants' motion to dismiss, and Relator appeals. Reviewing de novo, *see Skilstaf, Inc. v. CVS Caremark Corp*., 669 F.3d 1005, 1014 (9th Cir. 2012), we affirm.

1.     The district court correctly dismissed Relator's claim that Defendants fraudulently induced government contracts by making false representations on their response to the RFP. Relator argues that UPS was obligated to disclose UPS Ground service in its response to the RFP, and that the failure to do so was a false

representation which induced the schedule contract and tenders in violation of the FCA.

The RFP sought "Commercial Services for the Domestic Express Delivery Services for Same Day, Next Day, Two Day or Three Day Delivery." Although UPS Ground shipments within certain distances will be delivered within one, two, or three days, UPS Ground does not guarantee delivery within those time frames regardless of the package's origin or destination for all or 95% of United States ZIP Codes, as the RFP required. Therefore, the district court correctly concluded that UPS Ground was not responsive to the RFP because it did not meet the RFP's express requirements, and Defendants' decision not to offer UPS Ground service in their response to the RFP was neither fraudulent nor misleading. Absent identification of any false statement made by Defendants, Relator has not stated a claim for fraudulent inducement under the FCA. *See U.S. ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006).

2.     The district court correctly dismissed Relator's claim that Defendants submitted facially false invoices for Air shipments. Relator argues that Defendants fraudulently overcharged the government by invoicing for Air services while transporting those invoiced packages by surface transportation.

However, UPS retained discretion to choose the transportation method — i.e., truck or airplane — regardless of the service selected — i.e., Ground or Air —

and tied the type of fuel surcharge to the service selected, not to the transportation method actually used. Thus, Defendants' use of surface transportation methods for some Air shipments and their method of calculating fuel surcharges were consistent with the governing contracts and were not misleading. The invoices are therefore neither false nor fraudulent on their face, and Relator has neither "identif[ied] representative examples of false claims" nor "allege[d] 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted,'" as is required to state an FCA claim. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998–99 (9th Cir. 2010) (quoting *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). Given the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b), which requires a relator to "state with particularity the circumstances constituting fraud or mistake," *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011) (quoting Fed. R. Civ. P. 9(b)), Relator has failed to state a claim for fraudulent overcharge under the FCA.

3.  The district court correctly dismissed Relator's claim that Defendants falsely implied certification with AFTRP No. 5. AFTRP No. 5 established rules to "govern the freight services of all air freight carriers doing business with" the Department of Defense ("DOD") and required that carriers "bill the Government at

16-56015

the rate applicable to the actual service performed." Relator argues that for many contracts between the government and Defendant UPS Supply Chain Solutions, Inc. ("UPS SCS"), which were covered by AFTRP No. 5, Defendants nonetheless subjected covered shipments to their "Air-in-Ground" practices, charging the government for Air service but shipping packages using only surface transportation methods, in violation of AFTRP No. 5's requirement.

> To survive a Rule 9(b) motion to dismiss, a complaint alleging implied false certification must plead with particularity allegations that provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation.

*Ebeid*, 616 F.3d at 998. Under that heightened standard, Relator has not pled sufficient detail to support a reasonable inference that UPS SCS participated in the "Air-in-Ground" practice. Further, he has made no specific or particular allegations that UPS SCS itself subjected shipments to the "Air-in-Ground" practices, nor has he made any specific or particularized allegations that such shipments were subjected to "Air-in-Ground" practices after transfer from UPS SCS to UPS. He relies instead on conclusory generalizations about the relationship between UPS and UPS SCS and the broad application of the "Air-in-Ground" program. Such allegations are insufficient to survive a motion to dismiss Relator's implied false certification claims.

16-56015

**AFFIRMED.**

FILED

MAY 08 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States ex rel. DeFatta v. United Parcel Serv., Inc., No. 16-56015

GRABER, Circuit Judge, concurring:

I concur but would affirm for a more fundamental reason.  In my view, the district court lacked jurisdiction because Relator revealed no non-public information.  Accordingly, the district court lacked subject matter jurisdiction.  31 U.S.C. § 3730(e)(4) (2008); see Schindler Elevator Corp. v. United States ex rel. Kirk, 563 U.S. 401, 404 n.1 (2011) (holding that 2010 amendments to the public disclosure bar do not apply to cases then pending); Malhota v. Steinberg, 770 F.3d 853, 858 (9th Cir. 2014) (holding that the public disclosure bar is triggered when the underlying information already was in the public realm).